http://www.va.gov/vetapp16/Files4/1634334.txt

Citation Nr: 1634334 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 11-24 664 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to an initial disability rating in excess of 50 percent for service-connected posttraumatic stress disorder (PTSD). 

2. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities. 

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

S. Reed, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the United States Army from March 1952 to December 1953. 

This case comes before the Board of Veterans' Appeals (the Board) from a May 2009 rating decision of the Department of Veterans Affairs (VA) Appeals Management Center (AMC). The May 2009 rating decision awarded a disability rating of 10 percent effective August 13, 2001, and 30 percent from September 19, 2008 forward for PTSD. 

In September 2011, the VA Regional Office (RO) in St. Petersburg, Florida, issued a rating decision increasing the disability rating for PTSD to 50 percent from August 13, 2001, forward. 

This claim has been before the Board twice before. In April 2012, the Board remanded the claim to obtain additional development. That development was completed and the claim returned to the Board in February 2016. At that time the Board remanded the claim to obtain additional development necessitated by the expanded record. This development has not been completed and the claim must once again be remanded. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The development actions requested in the Board's February 2016 remand were not fully completed. A remand by the Board confers on claimants, as a matter of law, the right to substantial compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008). It imposes upon VA a concomitant duty to ensure substantial compliance with the terms of the remand. Accordingly, in the present case, the additional development specified in the Board's prior remand must be conducted prior to adjudication.

In the February 2016 Board remand, the AOJ was instructed to obtain any outstanding treatment records from the Vet Center in Jacksonville, Florida, where the Veteran has attended group therapy for service-connected PTSD. If the AOJ was unable to obtain those records, the AOJ was required to notify the Veteran of the inability to do so. The AOJ did not substantially comply with this instruction.

As discussed in the February 2016 remand, records from Vet Centers are considered records from a Federal entity and VA must attempt to obtain them as part of its duty to assist. See 38 C.F.R. § 3.159 (2015). See also M21-1, Part III, Subpart iii, Ch. 1, Section C, Topic 2. The VA Adjudication Procedure Manual, M21-1, lays out a 12 step process that describes the "minimum efforts VA must make in order to comply" with the requirement of 38 C.F.R. § 3.159 (2015). The AOJ's requested the Veteran to complete a VA Form 21-4142 to authorize the release of the records. It did not receive a response to the request and proceeded to readjudicate the claim without notifying the Veteran of the inability to obtain the records. Therefore, the AOJ did not take the necessary actions necessary to ensure substantial compliance with the February 2016 remand because it did not provide the Veteran with notice that the Vet Center records could not be obtained. 

The Board reminds the Veteran, however, that the duty to assist is a two-way street. If the Veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the relevant evidence. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). If upon remand, the Veteran does not provide a completed VA Form 21-4142 to authorize the release of the records to VA, the AOJ should notify the Veteran it is unable to obtain those records and will proceed to readjudicate the claim without them. 

The Board will continue to defer further consideration of the issue of entitlement to TIDU, as it is inextricably intertwined with the increased rating for PTSD claim. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any outstanding records from the Vet Center in Jacksonville, Florida, pertaining to the Veteran's treatment. Follow the procedures for obtaining records from a Federal entity as laid out in VA Adjudication Procedure Manual, M21-1, Part III, Subpart iii, Ch. 1, Section C, Topic 2. 

Clearly document all efforts taken to obtain said records in the Veteran's claims file. If any of the records requested remain unavailable, notify the Veteran of the inability to obtain these records in accordance with 38 C.F.R. § 3.159(e). 

2. Thereafter, readjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case which addresses all evidence associated with the claims file since the last statement of the case. The Veteran should be afforded the applicable time period in which to respond.

 (CONTINUED ON NEXT PAGE)
The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).